UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CANDY M. BALL, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN[1], )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>    Defendant ) | Case No.: 1:12 CV 2488<br><br><br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br><br>ORDER OF REMAND |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Candy M. Ball ("Plaintiff" or "Ball") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Vernelis K. Armstrong for preparation of a report and recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff sought an order remanding the case. The Commissioner sought final judgment upholding the decision below.

Magistrate Judge Armstrong submitted her R&R on May 17, 2013, recommending that the case be reversed and remanded. (ECF No. 15.) First, she determined that the Administrative Law Judge ("ALJ") did not sufficiently consider or discuss evidence presented by Plaintiff suggesting that she suffered from ADHD. (R & R at 22, ECF No. 15.) She noted that while the ALJ discussed the opinion of the state examiner regarding Plaintiff's ADHD at length, the ALJ did not discuss

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to F.R.C.P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action by Plaintiff is needed to continue the suit.

Plaintiff's own evidence aside from a brief gloss over of some of her childhood medical records. (*Id.* at 21.) The Magistrate Judge also found that the ALJ had not considered the entire record in determining Plaintiff's residual functional capacity, particularly as to the effects of Plaintiff's depression on her ability to work. (*Id.* at 26.) Because the ALJ's conclusion that Ball was not disabled was not based upon consideration of the entire record, the Magistrate Judge determined that the ALJ's finding is not supported by substantial evidence in the record. For that reason, the Magistrate Judge concluded, the Commissioner's decision should be reversed, and the case should be remanded.

Plaintiff did not file any objections to the R&R. Defendant filed a response to the R&R indicating that she will not be filing an objection (ECF No. 16.)

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R&R (ECF No. 15) and hereby reverses the Commissioner's decision and remands the case for further proceedings consistent with this Order and the Magistrate Judge's R&R. On remand, the ALJ should consider Plaintiff's childhood educational and medical history, as well as the diagnoses of Ms. Siefker and Dr. Bentley, with regard to possible ADHD. The ALJ should also conduct a full analysis of Plaintiff's residual functional capacity.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 4, 2013