**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Candy M. Ball, | : | Case No. 1:12CV2488 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | : | |

**I. INTRODUCTION.**

This case was remanded from the Appeals Council to the Commissioner pursuant to a remand from the United States District Court for the Northern District of Ohio. Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) John Robert Montgomery on June 12, 2014. Based on the applications for the period of disability and disability insurance benefits and supplemental security income filed on October 6, 2008, the ALJ determined on August 1, 2014, that Plaintiff had been disabled since April 14, 2009 (Docket No. 24-1, pp. 1-12 of 12). The Social Security Administration (SSA) notified Plaintiff that for the period beginning October 2009 through November 2014, she was entitled to a lump sum award of $58,408.00, from which 25% of the $14,602.00 was withheld (Docket No. 24-2, pp. 1-2 of 8).

Plaintiff 's counsel was granted an award of attorney fees totaling $4,765.15 under the Equal Access to Justice Act (EAJA) (Docket No. 23) and he has now moved for an award of fees under 42 U.S.C. §406 (b), in the amount of $10,472.00 from the past due benefits withheld (Docket Nos. 24 & 26). The Commissioner does not object to Plaintiff's Motion and Amended Motion for Attorney Fees under

42 U.S.C. § 406(b) (Docket Nos. 25 & 27). For the following reasons, the undersigned Magistrate Judge recommends that the Court grant Plaintiff's Amended Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).

## II. THE LAW.

Section 406 fees deal with representation in administrative and judicial review procedures. Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party; rather, it authorizes fees payable from the successful party's recovery. *Gisbrecht v. Barnhart*, 122 S.Ct. 1817, 1822 (2002). While not displacing contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court, Section 406(b) provides that whenever a court renders a judgment favorable to a claimant who was represented before it, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Bowman v. Colvin*, 2014 WL 1304914, *2 (N.D.Ohio 2014). Congress has coordinated fees payable by the Government under EAJA with fees payable under Section 406(b) out of the claimant's past-due Social Security benefits in a manner such that fee awards may be made under both provisions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Id.*

Using the 25% of the past due benefits as a benchmark, the court operates as an "independent check" on the reasonableness of contingency arrangements. *Gisbrecht , supra*. The court should give close attention to the agreement between attorney and client. *Rodriguez v. Bowen,* 865 F.2d 739,746 (6th Cir. 1990). When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties and the agreement should be given the weight ordinarily accorded a rebuttable presumption. *Id.*

Deductions for large fees are permissible if: (1) there is improper conduct or ineffectiveness of counsel; or (2) counsel would otherwise enjoy a windfall because of either an inordinately large benefit awarded or minimal effort expended. *Bowman v. Colvin*, 2014 WL 1304914, *2 (2014) (*citing Arnold v. Astrue*, 2011 WL 307969 (N.D.Ohio 2011) *report and recommendation adopted,* 2011 WL 305006 (*citing Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 421 (6th Cir.1990); *Rodriquez, supra,* 865 F.2d at 421)). If neither of these reasons to reduce an award applies, the maximum permitted under Section 406(b) is presumed reasonable. *Id.* (*citing Hayes*, 923 F.2d at 421).

## VI. ANALYSIS.

Plaintiff seeks an award of $10,472.00 in attorney fees for an additional 56 hours of service provided to obtain the remand and representing Plaintiff in the hearing on remand. Although Defendant does not advance a contradictory argument, the undersigned Magistrate must conduct an "independent check."

Starting with the agreement, the "CONTINGENT FEE AGREEMENT SOCIAL SECURITY FEE CONTRACT" was executed by Plaintiff on September 18, 2012. The terms included a promise to pay counsel 25% of all past due benefits if the case went to federal court and that the fees would be reduced by any fees paid for services if the SSA favorably decided Plaintiff's claims at the ALJ level after a decision by the Appeals Council or Federal Court (Docket No. 24-4). Such terms are consistent with the 25% of the past due benefits benchmark for contingency fee agreements and it does not give the attorney a percentage in recovery so high that the legal system cannot tolerate it. Defendant has not rebutted by substantial proof the presumption in favor of the validity of the contract. Therefore, the Magistrate gives great deference to this expression of the parties.

Defendant has not alleged facts sufficient to surmount the high bar of what amounts to attorney

incompetence of Plaintiff's counsel under prevailing professional standards. Rather, the Magistrate has considered the success on the merits of Plaintiff's counsel, his expertise, experience, reputation in the Columbus, Ohio area and his dedication to serving the disabled. The presumed reasonableness of the request for fees is not diminished by counsel's professional assistance.

Similarly, this is not a situation in which counsel would enjoy a windfall for an inordinately large benefit award. Calculating an hourly rate from the fee is one method of determining whether the attorney would enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. *Bowman*, *supra,* 2014 WL 1304914, at *3 (*citing Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 422 (6th Cir. 1990) (*quoting Rodriquez, supra,* 865 F.2d at 746)). The *Hayes* court found that a "hypothetical [hourly] rate that is less than twice the standard rate is *per se* reasonable," and the district court has no basis for questioning it. *Id.* Double the usual hourly rate is the "floor," or the starting point for conducting the *Rodriquez* analysis. *Id.* While an amount in excess of this floor (but below the statutory ceiling) "may well be reasonable," when the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney fees including but not limited to consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. *Id*. Factors such as these are critical to determining whether the attorney enjoyed a windfall because he or she extended minimal effort. *Id.* (*quoting Rodriquez*, 865 F.2d at 746).

As calculated in *Hayes,* the hypothetical hourly rate for such representation is determined by dividing the number of hours expended in providing a wide range of professional assistance into the amount of the fee permitted under the contract. Here, the hypothetical hourly rate of $187 ($10,472 ÷ 56 hours) is well below twice the standard rate for such work of $125 per hour. The total amount requested

4

therefore falls somewhere in between the statutory ceiling and the *Hayes* floor, therefore triggering the rebuttable presumption of reasonableness.

Disability cases are frequently drawn out over a considerable period of time and the accrued benefits which are ultimately determined to be payable may be very substantial. The Magistrate finds that there is nothing in the record which suggests that counsel obtained a windfall for putting forth minimal effort. Counsel proceeded diligently, promptly and efficiently before accrued benefits mounted and he did not resort to obvious procedural devices for the enhancement of his own fee. Counsel achieved an excellent result for the Plaintiff, obtaining not just a sentence four remand from this Court but upon remand, a favorable award, resulting in a financial benefit to the Plaintiff measured in thousands of dollars in past due benefits and monthly benefits. The fee requested in this case is representative of a reasonable rate to be used especially in a social security contingent fee case, and it is not disproportionate to the amount of the attorney's time charged.

### V. CONCLUSION.

The Magistrate is persuaded that counsel's request for fees is presumptively reasonable under *Hayes*. For these reasons, it is recommended that the Court:

(1) Deny Plaintiff's Motion for Attorney Fees (Docket No. 24).
(2) Grant the Amended Motion for Attorney Fees (Docket No. 26).
(3) Order that Plaintiff's counsel, Clifford M. Farrell, be awarded attorney fees of $10,472 from past due benefits owed Plaintiff.
(4) Order Clifford M. Farrell to refund the amount of $4,765.15 to Plaintiff.
(5) Terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: February 27, 2015

## VI. NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have fourteen (14) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within fourteen (14) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.